UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN LINARES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ABM INDUSTRY GROUPS, LLC; and FLOWERS BAKING CO. OF MODESTO, LLC,<br><br>　　　　　Defendants. | No. 1:22-cv-00816-TLN-CKD<br><br>**ORDER** |

　　　　This matter is before the Court on Plaintiff Efren Linares's ("Plaintiff") Motion for Class Certification. (ECF No. 44.) Defendants ABM Industry Groups, LLC ("ABM") and Flowers Baking Co. of Modesto, LLC ("Flowers Baking") (collectively, "Defendants") filed an opposition. (ECF No. 49.) Plaintiff filed a reply. (ECF No. 55.) For the reasons set forth below, the Court DENIES Plaintiff's Motion for Class Certification.

///

///

///

///

///

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brought this putative class action against Defendants for alleged wage and hour violations. (ECF No. 44.) ABM is a provider of facility and staffing services for a wide variety of industries and customers, including Flowers Baking. (ECF No. 49 at 8.) Plaintiff was hired on May 20, 2014 and placed on assignment in Modesto, California as a bake person for Flowers Baking. (*Id.*) Plaintiff was not a member of a union during his employment. (*Id.*)

Plaintiff alleges claims for: (1) Violation of the Fair Labor Standards Act; (2) Failure to Pay Overtime Wages; (3) Failure to Comply with Itemized Wage Statement Provisions; (4) Failure to Pay All Wages Earned at Termination or Resignation; and (5) Violation of Unfair Competition Law. (ECF No. 1.)

In the instant motion, Plaintiff seeks to certify the following classes:

1. <u>Unpaid Overtime Class</u>: All non-exempt employees of Defendants within California at any time from March 2, 2018 to the date of trial who have worked overtime and/or double time hours during weeks in which they were compensated with shift differentials, for whom Defendants' payroll records show premium wages paid at a rate that did not factor in shift differential compensation;

2. <u>Inaccurate Wage Statement Class</u>: All non-exempt employees of Defendants within California at any time from March 2, 2018 to the date of trial who have worked overtime and/or double-time hours during weeks in which they were compensated with shift differentials, for whom Defendants' payroll records show premium wages paid at a rate that did not factor in shift differential compensation;

3. <u>Waiting Time Penalties Class</u>: All non-exempt employees of Defendants within California at any time March 2, 2018 to the date of trial who have worked overtime and/or double-time hours during weeks in which they were compensated with shift differentials, for whom Defendants' payroll records show premium wages paid at a rate that did not factor in shift differential compensation.

(ECF No. 44 at 4–5.)

### II. STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 23 governs class certification. "Parties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of [Rule] 23(a) and at least one of the requirements of Rule 23(b)." *Ellis v. Costco*

1  *Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011) (citing *Zinser v. Accufix Rsch. Inst., Inc.*,
2  253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001)).

3       Under Rule 23(a), the party seeking certification must establish: (1) the class is so
4  numerous that joinder of all members is impracticable; (2) there are questions of law or fact
5  common to the class; (3) the claims or defenses of representative parties are typical of the claims
6  or defenses of the class; and (4) the representative parties will fairly and adequately protect the
7  interests of the class. Fed. R. Civ. P. 23(a). "These requirements effectively 'limit the class
8  claims to those fairly encompassed by the named plaintiff's claims.'" *Gen. Tel. Co. of Sw. v.*
9  *Falcon*, 457 U.S. 147, 156 (1982) (quoting *Gen. Tel. Co. of the Nw. v. Equal Employ. Opp.*
10 *Comm'n*, 446 U.S. 318, 330 (1980)).

11      Plaintiff relies on Rule 23(b)(2) and (b)(3) of the Rule 23(b) requirements. (ECF No. 44
12 at 11.) Under Rule 23(b)(2)–(3), "a class action may be maintained if Rule 23(a) is satisfied and
13 if: . . . (2) the party opposing the class has acted or refused to act on grounds that apply generally
14 to the class, so that final injunctive relief or corresponding declaratory relief is appropriate
15 respecting the class as a whole; or (3) the court finds that the questions of law or fact common to
16 class members predominate over any questions affecting only individual members, and that a
17 class action is superior to other available methods for fairly and efficiently adjudicating the
18 controversy." Fed. R. Civ. P. 23(b)(2)–(3). "The decision to grant or deny class certification is
19 within the trial court's discretion." *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th
20 Cir. 2010) (citation omitted).

21     **III.**    **ANALYSIS**

22      Plaintiff asserts all the Rule 23 requirements are satisfied for the putative classes. (ECF
23 No. 44 at 7–12.) In opposition, Defendants claim Plaintiff has not met his burden for class
24 certification as to all of the Rule 23 requirements. (ECF No. 49 at 16–29.) The Court will
25 address the arguments as to each Defendant in turn.

26         A.    <u>Flowers Baking</u>

27     Defendants argue Plaintiff cannot certify a class as to Flowers Baking. (ECF No. 49 at
28 16–18.) Specifically, Defendants argue Plaintiff only worked for ABM, not Flowers Baking, and

1  there is no evidence that Flowers Baking is responsible for any alleged overtime violations at
2  ABM or that Flower Baking's employees experienced overtime violations. (*Id.*) In opposition,
3  Plaintiff does not respond to Defendants' argument. (*See generally* ECF No. 55.) As a result,
4  and given the lack of evidence, the Court DENIES Plaintiff's Motion for Class Certification as to
5  Flowers Baking.

6          B.    <u>ABM</u>

7      The first Rule 23(a) prerequisite is numerosity. Fed. R. Civ. P. 23(a)(1). The class must
8  be "so numerous that joinder of all members is impracticable." *Id.* The numerosity requirement
9  does not impose a precise numerical threshold. *Gen. Tel. Co. of the Nw.*, 446 U.S. at 330.
10     In the instant case, Plaintiff alleges there are approximately 84 putative class members.[1]
11 (ECF No. 55 at 7.) In opposition, Defendants contend the Court should exclude union employees
12 who are subject to Collective Bargaining Agreements that contain an overtime exemption and
13 employees subject to arbitration agreements. (ECF No. 49 at 24–27.) Defendants contend, after
14 excluding union members and employees subject to arbitration agreements, Plaintiff's proposed
15 classes include 14 people. (*Id.*) Defendants further contend Plaintiff's proposed Inaccurate Wage
16 Statement and Waiting Time Penalties Classes are even more narrow due to the liability period
17 and applicability of the claims. (*Id.*)
18     The Court finds Plaintiff does not satisfy the numerosity requirement. Plaintiff "does not
19 dispute that some employees may ultimately be ineligible to participate as class members due to
20 arbitration agreements or collective bargaining agreements." (ECF No. 55 at 9.) Plaintiff claims
21 his expert identified 84 class members "after filtering out employees potentially subject to

---

[1] In its motion, Plaintiff argues Defendants' data shows a minimum of 906 class members. (ECF No. 44 at 5–6.) However, in reply, Plaintiff appears to concede to Defendants' argument that Plaintiff's expert inaccurately included more than 800 people who were employed by ABM General Services, an entity that is not a named Defendant in the action. (ECF No. 55 at 5 ("To address Defendants' concerns, Plaintiff's expert has reanalyzed the data using only the records in the 'ABM-Linares 000714.xlsx' file. Even under this narrowed dataset, the analysis reveals at least 318 paychecks issued to 84 employees — including 54 to Plaintiff— where shift differentials were excluded from the regular rate used to calculate overtime or double time. That is more than sufficient to meet Rule 23's numerosity requirement.").) As such, the Court disregards Plaintiff's reference to the potential 906 class members.

1  arbitration or union exclusion." (*Id.* at 11.) However, Plaintiff's expert does not attest to this.
2  Instead, the expert describes reaching his estimate of 84 class members after limiting his analysis
3  to a particular dataset. (ECF No. 55-2 at 5.) At no time does Plaintiff's expert claim to have
4  factored arbitration agreements or union exclusion into his analysis. (*See generally* ECF No. 55-2;
5  *see also* ECF No. 56 at 2.) In contrast, Defendants submit evidence detailing how they reached
6  their estimate of 14 class members and the steps they took to exclude employees ineligible due to
7  arbitration and collective bargaining agreements.  (ECF No. 49-4 at 3 ("[O]nly 14 of the 906
8  employees worked for [ABM], were not covered by a collective bargaining agreement, did not
9  have a signed arbitration agreement that [ABM] could locate, and worked at least one week for
10 [ABM] with both shift differentials and overtime hours.").); *see E.E.O.C. v. Kovacevich "5"*
11 *Farms*, No. CV-F-06-165-OWW-TAG, 2007 WL 1174444, at *21 (E.D. Cal. Apr. 19, 2007)
12 ("Courts have routinely found the numerosity requirement satisfied when the class comprises 40
13 or more members.").
14     It appears that Plaintiff seeks to bypass the numerosity requirement of Rule 23(a) by
15 repeatedly emphasizing that any disputes about individual exclusions should be resolved at a later
16 time.  (ECF No. 55 at 5.)  However, "it is not the fact that 'some' members of the purported class
17 may be subject to an arbitration clause that bars certification; it is the fact that the evidence before
18 the Court shows that nearly all of the members of the purported class appear to have signed
19 arbitration agreements." *Parrish v. Gordon Lane Healthcare, LLC*, No.
20 822CV01790WLHKESX, 2023 WL 7107267, at *7 (C.D. Cal. Sept. 26, 2023).  Here, ABM has
21 demonstrated nearly all of the proposed class members must arbitrate any claims against ABM.
22 (ECF No. 49-3 at 4.)  Accordingly, Plaintiff cannot, under these circumstances, satisfy his burden
23 of establishing numerosity.
24     As a result, the Court DENIES Plaintiff's Motion for Class Certification as to ABM.
25 ///
26 ///
27 ///
28 ///

5

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Class Certification. (ECF No. 44.) The parties shall file a Joint Status Report within fourteen (14) days of this Order indicating how this action should proceed now that class certification has been denied.

IT IS SO ORDERED.

Date: September 26, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE